COUNTY BOARD OF HEALTH — LEASING BUILDING The Rogers County Board of Health may lease on a year to year basis a building from the Claremore Industrial Authority for use as an operating facility for the Rogers County Health Department, and the county may take title to the building if and when the Board of Health's total rental payments equal the purchase price, if the contract also specifically provides for the rental of the building on an annual basis; that the county board of health has the option of renewing the contract annually or allowing it to terminate; that the consideration for such rental does not exceed the reasonable rental value of the building; that the contract does not purport to obligate the county board of health (or any officer, agency, or department thereof) for any period of time or sum of money which would be in violation of the Oklahoma Constitution or statutes; that it contains a provision that if the total rentals paid should ever equal a stated or definitely determinable amount (which amount, for convenience, might be referred to in the contract as "purchase price") then the building would belong to the county, and the lessor would then deliver appropriate evidence of title to the county, and that the contract be approved by the State Commissioner of Health. The Attorney General has considered your amended opinion request wherein you, in effect, ask the following question: May the Rogers County Board of Health lease, on a year to year basis, a building from the Claremore Industrial Authority whereby, (1) The building would be used as an operating facility to house the Rogers County Health Department, and (2) Title to the building would vest in the Rogers County Board of County Commissioners when the Board of Health total rental payments equal the purchase price? A county entity may not create a debt or financial obligation that encumbers future fiscal years. Article X, Section 26, Oklahoma Constitution, Op. Atty. Gen. November 12, 1958. However, a county board of health does have authority to contract on its own behalf. 63 O.S. 1-208 [63-1-208] (1971). Present law allows a county board of health to enter into a carefully drawn rental-purchase agreement. We assume (1) that the contract you referred to in your letter is a bona fide contract for the rental of the building, on an annual basis; (2) that the county board of health has the option of renewing the contract annually or allowing it to terminate; (3) that the consideration for such rental does not exceed the reasonable rental value of the building; (4) that the contract does not purport to obligate the county board of health (or any officer, agency, or department thereof) for any period of time or sum of money which would be in violation of the Oklahoma Constitution or statutes; (5) that it contains a provision that if the total rentals paid should ever equal a stated or definitely determinable amount (which amount, for convenience, might be referred to in the contract as "purchase price") then the building would belong to the county, and that the lessor would then deliver appropriate evidence of title to the county. This contract also must be approved by the State Commissioner of Health. Such a contract was distinguished from a typical installment purchase contract in an Attorney General Opinion dated February 3, 1961. "A rental contract such as is discussed above is to be clearly distinguished from an installment purchase contract which purports to obligate the State, or an officer or agency thereof, to pay monthly installments, not only during the fiscal year in which the contract is entered into, but also during one or more succeeding fiscal years." This reasoning is consistent with an Attorney General Opinion dated November 6, 1958, which held that a county officer may enter into a specially drawn rental-purchase contract for an accounting machine. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Assuming that the contract in question is a bona fide contract for the rental of a building on an annual basis; that the county board of health has the option of renewing the contract annually or allowing it to terminate; that the consideration for such rental does not exceed the reasonable rental value of the building; that the contract does not purport to obligate the county board of health (or any officer, agency or department thereof) for any period of time or sum of money which would be in violation of the Oklahoma Constitution or statutes; that it contains a provision that if the total rentals paid should ever equal a stated or definitely determinable amount (which amount, for convenience, might be referred to in the contract as "purchase price") then the building would belong to the county and the lessor would then deliver appropriate evidence of title to the county, and that the contract was approved by the State Commissioner of Health, then the Rogers County Board of Health may lease on a year-to-year basis a building from the Claremore Industrial Authority for use as an operating facility for the Rogers County Health Department. When the Board of Health's total rental payments equal the purchase price, title to the building would vest in the Rogers County Board of County Com missioners. (Daniel J. Gamino)